J-S24013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL JOHN NEWFIELD | : | |
| | : | |
| Appellant | : | No. 3353 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 18, 2018
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000138-2018

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 10, 2019**

Michael John Newfield appeals from the judgment of sentence, entered in the Court of Common Pleas of Wayne County, after he was convicted, following a non-jury trial, of strangulation (F-2)[1] and simple assault.[2]  After careful review, we affirm.

Newfield was charged with simple assault, harassment, and strangulation in connection with an April 2018 physical altercation involving his live-in girlfriend (victim), who is also the mother of two of his minor children.  Newfield and the victim were drinking on the evening of the incident, when the victim got upset with Newfield for his behavior the prior evening.

_____

[1] 18 Pa.C.S. § 2718.

[2] 18 Pa.C.S. § 2701.

_____

*   Former Justice specially assigned to the Superior Court.

The victim flicked her cigarette at the back of Newfield's head and threw a glass of wine in his face.[3]  In response, Newfield grabbed the victim with both of his hands by her neck and pushed her up against a counter.  Although the victim was able to extricate herself momentarily, Newfield grabbed the victim again, got on top of her as he pushed her to the floor, and put his hands around her neck again choking her.  Newfield told the victim that he knew pressure points that could kill somebody.  Although the parties' 10-year-old son tried to intervene in the melee, Newfield continued to choke the victim.  The victim ultimately escaped and called the police to report that Newfield had choked and attacked her.  Trooper Christopher Shelling of the Pennsylvania State Police, who responded to the victim's emergency call, testified that the victim had markings on the left side of her neck consistent with being choked and also testified that Newfield admitted he had "brought [the victim] to the ground [sic] and put her in a choke hold to restrain her."  N.T. Non-Jury Trial, 8/20/18, at 39.

Newfield was arrested, charged, and waived his right to a jury trial.  On August 20, 2018, following a non-jury trial before the Honorable President Judge Janine Edwards, Newfield was found guilty of strangulation and simple assault.  On October 18, 2018, the court sentenced Newfield to 24 months to 60 months, less one day, of imprisonment.  Newfield filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors

---

[3] The victim was also charged with harassment.

complained of on appeal. He presents the following issue for our consideration: Whether the evidence was insufficient to support a conviction of strangulation. Appellant's Brief, at 5.

The standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. **Commonwealth v Pruitt**, 951 A.2d 307 (Pa. 2008).

Newfield argues that there was insufficient evidence to prove that he impeded the victim's breathing during the parties' altercation where "neither party testified to events sufficient to sustain a conviction of strangulation." Appellant's Brief, at 7. Specifically, Newfield contends that where he never attempted to impede the victim's breathing and where the victim "was always able to breathe and never passed out," the Commonwealth did not sustain its burden of proving the crime of strangulation. We disagree.

A person commits the offense of strangulation if "the person **knowingly or intentionally impedes the breathing** or circulation of the blood **of another person by**: (1) **applying pressure to the** throat or **neck**; or (2) blocking the nose and mouth of the person." 18 Pa.C.S. § 2718(a) (emphasis added). Here, the victim testified that Newfield placed both of his hands around her neck and told her that he knew how to kill her as he choked her. N.T. Non-Jury Trial, 8/20/18, at 11, 26, 29. As Newfield choked the victim for

the second time, while she lay on the kitchen floor with him on top of her, the victim testified that she could not breathe freely and that she "felt like [she] couldn't breathe when he had [her] on the floor in the kitchen." *Id.* at 12, 37. Although the victim never passed out during the episode and admitted she was able to communicate with Newfield during the incident, section 2718 only requires that a victim's breathing be knowingly impeded. 18 Pa.C.S. § 2718(a).

Viewing the evidence in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, we conclude that the trial judge could have found that the Commonwealth proved, beyond a reasonable doubt, that Newfield knowingly or intentionally impeded the victim's breathing during their altercation. *Pruitt*, *supra*. Thus, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19